UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN L. LOVE,

                              Petitioner,

       v.

DANIEL F. MARTUSCELLO,

                              Respondent.
_____

<u>DECISION AND ORDER</u>

17-CV-6244L

## INTRODUCTION

Petitioner John L. Love ("Love"), a prisoner in respondent's custody, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. # 1). Love challenges the constitutionality of a judgment entered on June 8, 2011, in New York State, Monroe County Court (Geraci, J.), following a jury verdict convicting him of first-degree rape and third-degree rape. Presently before the Court is Love's motion to amend (Dkt. #40). For the reasons discussed below, the motion to amend is denied without prejudice with leave to refile.

## DISCUSSION

Love's motion to amend (Dkt. #40), filed on November 11, 2021, consists of a memorandum of law (Dkt. #40) and copies of documents (Dkt. #41) from what appears to be a motion to vacate the judgment pursuant to New York Criminal Law ("C.P.L.") § 440.10 he filed while the instant petition has been pending. Federal Rule of Civil Procedure 15 ("Rule 15"), which

governs amendments of pleadings, also applies in the habeas context. *See*, *e.g.*, *Fama v. Commissioner of Corr. Servs.*, 235 F.3d 804, 816 (2d Cir. 2000). Any amended petition must be a complete pleading which, if accepted by the Court for filing, will supersede and replace the original petition in its entirety; thus, the amended petition becomes the operative pleading and the original petition is no longer considered. *See Dluhos v. Floating & Abandoned Vessel, Known as* New York, 162 F.3d 63, 68 (2d Cir. 1998) ("[I]t is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect.").

Where, as here, the statute of limitations in 28 U.S.C. § 2244(d)(1) has expired, a habeas petitioner seeking to add a new claim for relief is required to show that the proposed amendment "relates back" to the claims in the original petition. *See Mayle v. Felix*, 545 U.S. 644, 649-50 (2005). An amendment relates back if the claim that is sought to be added "arose out of the conduct, transaction, or occurrence set forth" in the original petition. Fed. R. Civ. P. 15(c)(1)(B). The Supreme Court has circumscribed the definition of Rule 15(c)'s "conduct, transaction, or occurrence" in the habeas context, holding that it cannot be read to encompass a petitioner's state-court criminal "trial, conviction, or sentence." *Id.* at 656. Instead, "relation back will be in order" provided that "the original and amended petitions state claims that are tied to a common core of operative facts." *Id.* at 659. A proposed amendment, however, will not "relate back" to the date of the original petition "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650.

As currently pleaded, the motion to amend (Dkt. #40) does not comply with Rule 15 because it does not contain a proposed amended petition clearly listing all of the grounds he wishes to present to this Court and showing why the proposed new claims relate back to the original petition for purposes of Rule 15. In addition, the motion to amend effectively has abandoned the

claims raised in the original petition (Dkt. #1) because it wholly omits them. The Court accordingly will dismiss the motion to amend (Dkt. #40) without prejudice with leave to amend upon a proper filing.

When refiling, Love is reminded that Rule 2 of the Rules Governing Section 2254 Cases In The United States District Courts ("§ 2254 rules") provides in relevant part as follows:

> (c) **Form**. The petition must:
>
>> (1) specify all the grounds for relief available to the petitioner;
>>
>> (2) state the facts supporting each ground;
>>
>> (3) state the relief requested;
>>
>> (4) be printed, typewritten, or legibly handwritten; and
>>
>> (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.
>
> (d) **Standard Form**. The petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule. The clerk must make forms available to petitioners without charge.
>
> . . . .

Rules Governing § 2254 Cases, Rule 2, 28 U.S.C.A. foll. § 2254. To assist Love in refiling his proposed amended petition, the Court will send him copies of the following forms to complete with regard to the claims asserted in Dkt. #40: (1) Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody; and (2) Instructions for completing Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody

Love is directed to review the Instructions carefully, complete the form Petition as directed in the Instructions, and return it to the Court within the deadline set forth in the Conclusion. The

Court also will send Love a copy of Dkt. #40 and Dkt. #41 to use when preparing his motion to amend and proposed amended petition.

To summarize, a complete motion to amend will consist of a proposed amended petition, using the above-enclosed forms, plus a memorandum of law. In the proposed amended petition, Love must list each and every ground for relief he wishes to raise in this Court. He is advised that the proposed amended petition will completely supersede and replace the original petition. If permission to amend is granted, then all claims not included in the proposed amended petition will be deemed abandoned. The memorandum of law must address the timeliness and the exhaustion status of the proposed new claims. If the proposed new claims are untimely, Love must explain how each claim "relates back" to the original, timely claims under Rule 15.

## CONCLUSION

For the reasons stated above, the motion to amend (Dkt. #40) is DENIED WITHOUT PREJUDICE WITH LEAVE TO REFILE. If Love decides to refile the motion to amend, it is due **thirty (30) days** of the date of entry of this Decision and Order. To the extent the motion requests "reinstatement of appointment of counsel motion," there is no basis to reconsider the previous motion (Dkt. #35), and therefore appointment of counsel is DENIED. The conclusory request in the alternative for a hearing is also DENIED.

In addition to a copy of this Decision and Order and Notice of Electronic Filing, the Clerk of Court is directed to mail Love copies of the following documents: (1) Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody; (2) Instructions for completing

Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody; and copies of Dkt. ##40 and 41.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
January 3, 2022.